UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP GONZALES, | No. 2:17-cv-0098 WBS CKD P |
| Petitioner, | |
| v. | ORDER AND |
| JEFFREY BEARD, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se who has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Petitioner challenges his 2011 conviction for second degree murder, resulting in a prison sentence of 31 years to life. (ECF No. 1 at 2.) Petitioner appealed the judgment, which was affirmed, and the California Supreme Court denied his petition for review. (Id.) Petitioner further indicates that he filed a state petition for writ of habeas corpus in the Sacramento County Superior Court on November 5, 2015, which is still pending. (Id.)

A federal court generally will not enjoin or directly intercede in ongoing state court proceedings absent the most unusual circumstances. Younger v. Harris, 401 U.S. 37 (1971).

1

1  Federal courts will abstain if the state proceeding 1) is currently pending, 2) involves an
2  important state interest, and 3) affords the petitioner an adequate opportunity to raise
3  constitutional claims.  <u>Middlesex County Ethics Committee v. Garden State Bar Ass'n</u>, 457 U.S.
4  423, 432 (1982).  Here, petitioner admits that post-conviction proceedings are pending in state
5  court.  The proceedings involve the important state interest of not having a federal court interfere
6  in ongoing state criminal proceedings to try collateral issues in piecemeal fashion.  <u>See</u> <u>Dubinka</u>
7  <u>v. Judges of Superior Court of State of Cal. for County of Los Angeles</u>, 23 F.3d 218, 223 (9th Cir.
8  1994).  Finally, it appears that petitioner has an adequate opportunity to raise his constitutional
9  claims in his pending state action.

10         The court need not abstain if there are extraordinary circumstances, such as when the state
11  court proceedings were undertaken for bad faith or for purposes of harassment, or where the
12  statute defining a criminal offense at issue is "flagrantly and patently violative of express
13  constitutional prohibitions."  <u>Dubinka</u>, 23 F.3d at 25; <u>see</u> <u>Lebbos v. Judges of Superior Court,</u>
14  <u>Santa Clara County</u>, 883 F.2d 810, 816 (9th Cir. 1989).  Petitioner has made no showing that such
15  extraordinary circumstances are present.  Where, as here, the <u>Younger</u> abstention doctrine
16  applies, it is appropriate to dismiss the action.  <u>See</u> <u>Gibson v. Berryhill</u>, 411 U.S. 564, 577 (1973).

17         Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 provides for
18  summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and
19  any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  For the
20  foregoing reasons, the petition should be dismissed pursuant to Rule 4.

21         Accordingly, IT IS HEREBY ORDERED that petitioner's request for leave to proceed in
22  forma pauperis is granted.

23         IT IS HEREBY RECOMMENDED that the petition (ECF No. 1) be dismissed without
24  prejudice pursuant to Rule 4.

25         These findings and recommendations are submitted to the United States District Judge
26  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
27  after being served with these findings and recommendations, any party may file written
28  objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
2  objections shall be served and filed within fourteen days after service of the objections.  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 7, 2017

                                       _/s/ Carolyn K. Delaney_
                                       CAROLYN K. DELANEY
                                       UNITED STATES MAGISTRATE JUDGE

2 / gonz0098.R4